## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**AARON GANT**                                                    **CIVIL ACTION**

**VERSUS**                                                       **NO.  17-1953**

**DARREL VANNOY**                                                **SECTION "I"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I.      FACTUAL BACKGROUND

The petitioner, Aaron Gant, is a convicted inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On October 1, 2002, Gant was

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 3.

indicted by a St. James Parish grand jury for second degree murder.[3]  The Louisiana Fifth

Circuit Court of Appeal summarized the facts of the case, in relevant part, as determined

at trial as follows:

> On the night of August 9, 2002, defendant fatally shot Steven Riley in Lutcher, Louisiana.  At trial, defendant contended that he acted in self-defense.  The following evidence was produced at the trial.
>
> On the night of the shooting, James Jackson was driving a car rented by his mother.  The defendant was in the front passenger seat, and Ferdinand Washington was in the back seat.  Washington testified that he saw someone walking on the side of Project Road, with a cell phone at his ear.  The defendant told Jackson to stop the car.  Jackson stated that after he stopped the car, the defendant pulled a gun from "under his pants," as he opened the car door.  As the defendant was exiting the car, he fired the gun twice without a pause.  Jackson testified that he did not hear either the defendant or the victim say anything before the defendant fired the gun.  Washington did not see the gun, but he heard the two shots as soon as the defendant got out of the car.  Both men could not see anything, including whom the defendant fired at, because the windows of the car were tinted.
>
> After the shots were fired, defendant got back into the car and said, "Go, go, go."  Jackson immediately drove away, as Washington yelled to be let out of the car.  The defendant told Washington to say that he had not seen him, and then Jackson let Washington out of the car.  At that time, the defendant threw the gun into a ditch.  Afterwards, Jackson and the defendant traveled to New Orleans.

State v. Gant, 942 So.3d 1099, 1108-10 (La. App. 5th Cir. 2006); State Record Volume

9 of 10, Louisiana Fifth Circuit Court of Appeal Opinion, pages 2-5, 06-KA-232,

September 26, 2006.

Gant was tried before a jury on March 21 through 23, 2005, and found guilty as

charged.[4]  At a November 14, 2005, hearing, the state trial court denied Gant's motion

---

[3]St. Rec. Vol. 1 of 10, Indictment, 10/1/02; Grand Jury Return, 10/1/02.

[4]St. Rec. Vol. 1 of 10, Trial Minutes, 3/21/05; Trial Minutes, 3/22/05; Trial Minutes, 3/23/05; St. Rec. Vol. 7 of 10, Trial Transcript, 3/21/05; St. Rec. Vol. 8 of 10, Trial Transcript (continued), 3/21/05; Trial Transcript, 3/22-23/05; St. Rec. Vol. 9 of 10, Trial Transcript (continued), 3/22-23/05. Gant's first trial ended in a mistrial on January 25, 2005.  St. Rec. Vol. 7 of 10, Trial Transcript, 1/25/05;

for post-verdict judgment of acquittal.[5] After waiver of legal delays, the court sentenced

Gant to life in prison at without benefit of parole, probation or suspension of sentence.[6]

On direct appeal, Gant's appointed counsel asserted seven claims that the state

trial court erred when it denied:[7] (1) the motion for post-verdict judgment of acquittal;

(2) the challenge for cause against Roxanne Becnel; (3) the challenge for cause against

Neva Aucoin; (4) the challenge for cause against Len LeBlanc; (5) the defense's Batson

objection related to Cheryl Fay Charles, Marie Rose Ann Washington, Brenda Brown

and Ebony Brown; (6) the motion to suppress Gant's statements; and (7) the defense's

request to have objections and bench conferences transcribed for appeal.  The Louisiana

Fifth Circuit affirmed the conviction on September 26, 2006, finding no merit in the

claims.[8]

The Louisiana Supreme Court denied Gant's related writ application without

stated reasons on May 4, 2007.[9]  His conviction became final ninety (90) days later on

---

Trial Minutes, 1/25/05.

[5]St. Rec. Vol. 1 of 10, Sentencing Minutes, 11/14/05; St. Rec. Vol. 6 of 10, "Motion for Post-Verdict Judgment of Acquittal," 10/26/05; St. Rec. Vol. 9 of 10, Sentencing Transcript, 11/14/05.

[6]St. Rec. Vol. 1 of 10, Sentencing Minutes, 11/14/05; St. Rec. Vol. 9 of 10, Sentencing Transcript, 11/14/05.

[7]Gant, 942 So.3d at 1099; St. Rec. Vol. 9 of 10, 5th Cir. Opinion, 06-KA-232, 9/26/06.

[8]Id.

[9]State v. Gant, 956 So.2d 599 (La. 2007); St. Rec. Vol. 9 of 10, La. S. Ct. Order, 2006-K-2529, 5/4/07.

August 2, 2007, when he did not file a writ application with the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filling for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

One year later, on August 1, 2008, Gant signed and submitted an application for post-conviction relief to the state trial court asserting the following grounds for relief:[10] (1) His counsel was ineffective because she did not believe that the victim shot himself and failed to investigate the case. (2) His counsel denied him the right to testify on his own behalf.  Gant then retained counsel, who filed a motion for new trial or for post-conviction relied asserting that trial counsel failed to call five witnesses concerning whether the victim had a weapon.[11]  Gant's counsel later filed an amended application for post-conviction relief asserting that Gant would be denied due process if he was not allowed to have the ballistics evidence reviewed by an expert to establish that the victim shot himself.[12]

---

[10]St. Rec. Vol. 9 of 10, Application for Post-Conviction Relief, 8/5/08 (dated 8/1/08).

[11]St. Rec. Vol. 9 of 10, Motion for New Trial, 1/29/09; Motion to Enroll, undated; Trial Court Order, 10/27/08.

[12]St. Rec. Vol. 10 of 10, Amended Application for Post-Conviction Relief, 11/16/12.

After receipt of additional briefing and following multiple hearings,[13] the state trial court denied relief.[14]  The court held that Gant's claim was not properly asserted as a Sixth Amendment ineffective assistance of counsel claim, because he was attempting to raise a new defense theory for the first time.  The court held that the claim failed to state a ground for post-conviction relief under La. Code Crim. P. art. 930.3; that the failure to raise this defense theory in an earlier proceeding was inexcusable; and that the issue was barred from review under La. Code Crim. P. art. 930.4(B).

The Louisiana Fifth Circuit denied Gant's subsequent writ application on February 17, 2016, finding that Gant failed to establish a basis for the ineffective assistance of counsel claims under Strickland v. Washington, 466 U.S. 668 (1984).[15]  The Louisiana Supreme Court denied Gant's related writ application on January 13, 2017, finding that he failed to show that he received ineffective assistance of counsel under Strickland or any error in the state trial court's denial of relief on the alternative defense theory, citing La. Code Crim. P. art. 930.4(B).[16]

---

[13]St. Rec. Vol. 10 of 10, Hearing Transcript, 7/28/15; Hearing Minutes, 7/28/15; State's Opposition, 4/29/13; Hearing Minutes, 3/25/13; Hearing Minutes, 9/24/12; Hearing Transcript, 3/23/09; Hearing Minutes, 3/23/09; see also, Trial Court Order, 8/4/15; Traverse, 8/3/15; State's Opposition to Motion for Production, 7/21/15.

[14]St. Rec. Vol. 10 of 10, Reasons for Judgment, 11/4/15.

[15]St. Rec. Vol. 10 of 10, 5th Cir. Order, 16-KH-2, 2/17/16.

[16]State v. Gant, 206 So.3d 871 (La. 2017).

III.    <u>FEDERAL HABEAS PETITION</u>

On March 30, 2017, after correction of certain deficiencies, the clerk of this court filed Gant's petition for federal habeas corpus relief in which he asserts the following grounds for relief:[17] (1) He received ineffective assistance of counsel. (2) He was denied the right to testify when his attorneys prevented him from taking the stand. (3) The Louisiana Fifth Circuit erred in upholding the state trial court's denial of petitioner's motion for post-verdict judgment of acquittal. (4) The Louisiana Fifth Circuit erred in upholding the state trial court's denial of petitioner's challenge for cause as to Roxanne Becnel. (5) The Louisiana Fifth Circuit erred in upholding the state trial court's denial of petitioner's challenge for cause as to Neva Aucoin.  (6) The Louisiana Fifth Circuit erred in upholding the state trial court's denial of petitioner's challenge for cause as to George LeBlanc. (7) The Louisiana Fifth Circuit erred in upholding the state trial court's overruling of the petitioner's <u>Batson</u> objection. (8) The Louisiana Fifth Circuit erred in upholding the state trial court's failure to redact petitioner's August 10, 2002, statement.

The State filed an opposition in response to Gant's petition asserting that it was not timely filed, at least two claims are in procedural default and the claims are otherwise without merit.[18]

---

[17]Rec. Doc. No. 3.

[18]Rec. Doc. No. 12.

6

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[19] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Gant's petition, which, for reasons discussed below, is deemed filed in federal court on February 27, 2017.[20]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

_____

[19]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[20]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk filed Gant's deficient petition on February 27, 2017, when it was received.  The official stamp from the prison's Legal Programs Department reflects that Gant delivered the petition to prison officials on February 27, 2017, the same day the documents were emailed to the clerk of court for filing. Rec. Doc. No. 1, p. 1 (deficient petition); Rec. Doc. No. 3, p. 1 (corrected petition). The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition.  Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002).

The State has asserted that Gant's federal petition was not timely filed and at least two of the claims are in procedural default. For the following reasons, the record supports the State's conclusion, and Gant's petition should be dismissed as time-barred.

## IV.    STATUTE OF LIMITATIONS

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[21]  Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  Gant's conviction became final on August 2, 2007, which was 90 days after the Louisiana Supreme Court denied his writ application following direct appeal. Applying Section 2244 literally, Gant had one year from finality of his conviction, until August 1, 2008, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations was

---

[21]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Gant has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case.  The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.  See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client

over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303,

306-307 n.4 (5th Cir. 2000) (quoting <u>Villegas v. Johnson</u>, 184 F.3d 467, 469 (5th Cir. 1999)); <u>Smith v. Ward</u>, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner.  <u>Causey v. Cain</u>, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002); <u>Williams</u>, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Gant's case, the one-year AEDPA statute of limitations period began to run on August 3, 2007, the day after his conviction became final, and did so without interruption for 364 days until August 1, 2008, when Gant signed and submitted his state court application for post-conviction relief.  This application tolled the running of the AEDPA one-year statute of limitations while it remained pending through January 13, 2017, when the Louisiana Supreme Court denied the related writ application.

The one-year AEDPA filing period began to run again on January 14, 2017, which was the last day available for Gant to file a federal habeas petition before what was left of the statute of limitations expired.  Gant did not submit his federal petition for filing in a federal court until February 27, 2017, which was 43 days after the one-year AEDPA statute of limitations expired.  Although Gant's delay was not lengthy, "the magnitude of [a petitioner's] tardiness" is not a proper consideration in determining the timeliness of a federal habeas application.  Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (missing the AEDPA deadline by even one day nevertheless renders a federal petition untimely).  Gant had no properly filed state court application for post-conviction relief or other collateral review pending in any state court during that final time period. His federal petition therefore is untimely under the AEDPA.

Under the mailbox rule, Gant's federal petition is deemed filed on February 27, 2017, which was almost six weeks after the AEDPA one-year statute of limitations expired on January 15, 2017.  His federal petition was <u>not</u> timely filed and must be dismissed with prejudice for that reason.[22]

### **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Aaron Gant's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

---

[22]The United States Supreme Court decision in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), is not relevant to the timeliness of this federal petition.  In <u>Martinez</u>, the Court held that a <u>procedural bar</u> imposed by <u>state courts</u> "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" <u>Trevino v. Thaler</u>, 133 S. Ct. 1911, 1912 (2013) (quoting <u>Martinez</u>, 566 U.S. at 13).  In this case, Gant was represented by appointed counsel during post-conviction review of his ineffective assistance of counsel claims, which were addressed on the merits. In addition, the <u>Martinez</u> and <u>Trevino</u> decisions do <u>not</u> address or provide an excuse for untimely filing of a federal habeas petition.  <u>See</u> <u>Arthur v. Thomas</u>, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the <u>Martinez</u> rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); <u>Smith v. Rogers</u>, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); <u>Falls v. Cain</u>, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation).  <u>Martinez</u> and <u>Trevino</u> also do <u>not</u> constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA.  <u>See</u> <u>In re Paredes</u>, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) (". . . the Supreme Court has not made either <u>Martinez</u> or <u>Trevino</u> retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); <u>Adams v. Thaler</u>, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Neither <u>Martinez</u> nor <u>Trevino</u> provide equitable or statutory relief from petitioner's untimely filing under the AEDPA.

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[23]

New Orleans, Louisiana, this _____20th_____ day of October, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[23]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.